UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK W. SWIMELAR, in His Official Capacity
as Chapter 13 Trustee,

                    Appellant/Trustee,                    5:09-CV-502 (GTS)

v.

WILLIAM WESLEY BAKER,
d/b/a The Stage Door,

                    Appellee/Debtor,

_____

APPEARANCES:                                OF COUNSEL:

OFFICE OF MARK W. SWIMELAR                  MAXSEN D. CHAMPION, ESQ.
Standing Chapter 12 and 13 Trustee          Staff Attorney
  Counsel for Appellant/Trustee
250 South Clinton Street, Suite 203
Syracuse, NY 13202

OFFICE OF ANTHONY P. INSERRA                ANTHONY P. INSERRA, ESQ.
  Counsel for Appellee/Debtor
531 Washington Street, Suite 3401
Watertown, NY 13601

HON. GLENN T. SUDDABY, United States District Court Judge

## MEMORANDUM DECISION and ORDER

The above-captioned action is a bankruptcy appeal, filed by Mark W. Swimelar in his

official capacity as Chapter 13 Trustee ("Trustee"), from a Decision and Order issued by United

States Bankruptcy Judge Margaret Cangilos-Ruiz on March 30, 2009, overruling the Trustee's

objections to the Chapter 13 Payment Plan proposed by William Wesley Baker ("Debtor").  For

the reasons set forth below, the Trustee's appeal is denied, and Bankruptcy Judge Cangilos-

Ruiz's decision is affirmed.

## I.      RELEVANT BACKGROUND

On September 26, 2007, Debtor filed a petition for relief pursuant to Chapter 13 of the

United Stated Bankruptcy Code.  (Dkt. No. 1, Part 3.)  On October 3, 2007, Debtor filed a

Chapter 13 Payment Plan in which he proposed paying the Trustee one hundred dollars ($100)

per month for thirty-six (36) months, and an annuity payment of fifteen thousand dollars

($15,000) on April 29, 2009.  (Dkt. No. 1, Part 7.)  On July 18, 2008, the Trustee filed objections

to Debtor's proposed Chapter 13 Payment Plan, arguing, *inter alia*, that the Plan, which proposes

a twenty-three percent (23%) dividend to unsecured creditors, does not satisfy the

best-interest-of-creditors test of 11 U.S.C. § 1325(a)(4).  (*Id.*)  In particular, the Trustee argued

that Debtor could not claim as exempt (from the proposed Plan) one hundred and forty thousand

dollars ($140,000) of annuity payments in which Debtor had a beneficial interest.  (*Id.*)[1]

On March 30, 2009, Bankruptcy Judge Cangilos-Ruiz issued a Decision and Order

overruling the Trustee's objections and concluding that Debtor could claim as exempt the

referenced annuity.  (Dkt. No. 1, Part 3.)  *See also In re Baker*, No. 07-32440, 2009 WL 2872830

(Bankr. N.D.N.Y. March 30, 2009) (Cangilos-Ruiz, B.J.).  On April 27, 2009, the Trustee filed

with this Court an appeal from Bankruptcy Judge Cangilos-Ruiz's Decision and Order.  (Dkt.

No. 1, Part 1.)  On May 18, 2009, the Trustee submitted a brief in support of his appeal.  (Dkt.

No. 5.)  During the weeks that followed, Appellee/Debtor failed to submit a response brief, and

the deadline by which to do so has passed.  On August 27, 2009, the Court issued a Text Order

---

[1]      In this Decision and Order, the Court assumes the reader's familiarity with the facts of this case.  For a more detailed recitation of the facts, the Court refers the reader to Bankruptcy Judge Cangilos-Ruiz's Decision and Order of March 30, 2009.  *See In re Baker*, No. 07-32440, 2009 WL 2872830 (Bankr. N.D.N.Y. March 30, 2009) (Cangilos-Ruiz, B.J.).

2

notifying the parties that the Trustee's appeal would be heard on submission of the papers.

## II.   APPLICABLE LEGAL STANDARD

"Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that a reviewing court may 'affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree,' or it may remand with instructions for further proceedings." *In re Smorto*, 07-CV-2727, 2008 WL 699502, at *4 (E.D.N.Y. Mar. 12, 2008) (citing Fed. R. Bankr. P. 8013). "The Court will review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error." *In re Smorto*, 2008 WL 699502, at *4 (citations omitted). "The question of a debtor's knowledge and intent under § 727(a)(4) is a matter of fact . . ." *Id.* (citations omitted).

Where an appellee has failed to file a responsive brief in a bankruptcy appeal, generally the appropriate remedy is not the automatic granting of the appellant's appeal, but a review of the merits of the appeal, and the preclusion of the appellee from being heard at oral argument. The relevant rule–Fed. R. Bankr. Proc. 8009–sets a time limit for appellee's brief but is silent on the issue of whether a sanction should be issued against a non-filing appellee *See* Fed. R. Bankr. Proc. 8009.  However, decisions addressing such failures to file commonly look to Fed. R. App. Proc. 31 (after which Fed. R. Bankr. Proc. 8009 was adapted) for guidance in deciding what sanction might be appropriate.[2]  Appellate Rule 31 provides, in pertinent part, "[a]n appellee who fails to file a brief will not be heard at oral argument unless the court grants permission."  Fed. R. App. Proc. 31(c).

---

[2]        *See*, *e.g.*, *In re Rauso*, 212 B.R. 424, 244 (E.D. Pa. 1997) (concluding that "Appellate Rule 31(c) will be applied and GE [appellee] will be prohibited from offering oral argument without permission of the Court" but continuing analysis to determine that Appellant's appeal was without merit and no oral argument was necessary).

III.    **ANALYSIS**

After carefully reviewing the Bankruptcy Court's Decision and Order of March 30, 2009,

as well as the Trustee's brief in support his appeal therefrom, the Court can find no error (clear

or otherwise) in the Bankruptcy Court's legal conclusions *de novo*, nor can the Court find any

error (clear or otherwise) in the Bankruptcy Court's factual findings.  As a result, the Court

denies the Trustee's appeal, and affirms Bankruptcy Judge Cangilos-Ruiz's Decision and Order

of March 30, 2009, for the reasons stated therein.  *See In re Baker*, No. 07-32440, 2009 WL

2872830 (Bankr. N.D.N.Y. March 30, 2009) (Cangilos-Ruiz, B.J.).  The Court would add only

two points.

First, as pointed out by Bankruptcy Judge Cangilos-Ruiz in her Decision and Order,

Debtor's right to collect the annuity payments is a legal or equitable interest in the property, and

therefore the right to collect the payments is an asset of the bankruptcy estate.  *See In re Jacob*,

08-CV-1092, 2009 WL 3319931, at *2 (N.D.N.Y. Oct. 16, 2009) (Hurd, J.).  Second, as also

pointed by Bankruptcy Judge Cangilos-Ruiz in her Decision and Order, Debtor paid

consideration for the annuity contract in that he gave up his right to pursue a lawsuit against the

insurance company that set up the annuity policy in exchange for that insurance company setting

up the policy.  *See In re Tappan*, 277 B.R. 491, 491-92 (Bankr. W.D.N.Y. 2002).[3]

---

[3]     It is worth noting that other courts have followed *Tappan's* interpretation of
Insurance Law § 3212(d)(1), finding annuity payments exempt.  *See In re Lyons*, 381 B.R. 444,
449-50 (Bankr. S.D.N.Y. 2008) ("[T]he parties agree that under New York law, release from
personal injury claims is 'valuable consideration' and any resulting settlement . . . is deemed to
derive from consideration paid by the injured party."); *see also In re Mason*, 08-CV-613, 2009
WL 2152306, at *2 (W.D.N.Y. July 14, 2009) ("There can be no reasonable dispute that the
debtors' right to the [p]ayments is a right owed to them under an annuity contract, regardless of
who owns that contract.  Consequently, Insurance Law § 3212(d)(1) places the debtors within
the exemption provision of Section 282(ii) . . . ."); *In re Jacob*, 08-CV-1092, 2009 WL 3319931,

For all these reasons, the Trustee's appeal is denied, and Bankruptcy Judge Cangilos-Ruiz's Decision and Order of March 30, 2009, is affirmed.

**ACCORDINGLY,** it is

**ORDERED** that the Trustee's appeal is **DENIED**; and it is further

**ORDERED** that Bankruptcy Judge Cangilos-Ruiz's Decision and Order of March 30, 2009, is **AFFIRMED**.  The clerk is directed to enter judgment in favor of the Appellee and close this case.

Dated: October 28, 2009
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

at *2 (N.D.N.Y. Oct. 16, 2009) (Hurd, J.) ("Jacob is undisputedly the annuitant under the annuity.  Further, Jacob paid valuable consideration when he gave up his right to continued litigation for damages resulting from his personal injury in exchange for the annuity proceeds.  Thus, Jacob's right to the annuity payments is addressed by § 3212 as a benefit and right under an annuity contract due prospectively to Jacob, the annuitant, who paid the consideration for the annuity contract.").  In addition, *In re Constantino*, 274 B.R. 580 (Bankr. N.D.N.Y. 2002) (Gerling, C.J.), the decision that the Trustee urges this Court to follow, "analyzed a different subsection under Section 282 [and] does not require a different conclusion." *In re Mason*, 2009 WL 2152306 at *3; *see also In re Jacob*, 2009 WL 3319931, at *2 ("[T]he Trustee relies upon *In re Constantino*, 274 B.R. 580.  This reliance is misplaced.  First, although the annuity contract itself is not part of the estate, the right to receive the annuity payments is.  Additionally, the *Constantino* case involved § 282(iii)(3), a different subsection than is involved here.  That subsection limits the exemption a debtor may claim on a payment on account of the wrongful death of an individual of whom the debtor was a dependent to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.").

5